UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON JULIUS CARPENTER,

       Movant,

                                 File No. 1:12-cv-337

v.

                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
_____/

## **O P I N I O N**

This matter is before the Court on Movant Solomon Julius Carpenter's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) For the reasons that follow, his motion will be denied in part, and an evidentiary hearing will be scheduled to address Movant's remaining claim.

**I.**

Movant was indicted on August 18, 2010, on two counts of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). (File No. 1:10-cr-236, Dkt. No. 1.) On October 15, 2010, Movant entered into a plea agreement, but the plea was not accepted by the Court because Movant claimed he did not knowingly possess the cocaine he was charged with having. (File No. 1:10-cr-236, Dkt. No. 32.) On October 21, 2010, a new plea agreement was reached, one of the two counts was dismissed, and a guilty plea was accepted by the Court. (File No. 1:10-cr-236, Dkt. No. 33.)

On December 18, 2010, Movant absconded on bond, and a warrant was issued for his arrest on December 21, 2010. (File No. 1:10-cr-236, Dkt. No. 43.) Meanwhile, Movant's original counsel, Geoffrey Upshaw, filed a motion to withdraw as counsel, citing irreconcilable differences, which was denied on December 22, 2010. (File No. 1:10-cr-236, Dkt. No. 40.) Movant did not appear at that hearing or his sentencing scheduled on January 24, 2011. (File No. 1:10-cr-236, Dkt. No. 42.) On March 4, 2011, Attorneys C. Frederick Robinson and Trachelle C. Young were accepted by the court as substitute counsel. (File No. 1:10-cr-236, Dkt. No. 47.) On the same day, Movant surrendered himself into custody. (File No. 1:10-cr-236, Dkt. No. 49.)

On March 28, 2011, Movant filed a motion to withdraw his guilty plea. (File No. 1:10-cr-236, Dkt. No. 67.) On April 4, 2011, the motion was denied, and Movant was sentenced to 96 months incarceration. (File No. 1:10-cr-236, Dkt. No. 75.) Movant appealed pro se on September 9, 2011, but the appeal was denied on January 17, 2012, for being untimely. (File No. 1:10-cr-236, Dkt. No. 85.)

On April 6, 2012, Movant filed his § 2255 motion. (Dkt. No. 1.) Movant claims that the Controlled Substances Act is unconstitutional and that he suffered from ineffective assistance of counsel from both Attorney Upshaw and Attorney Robinson. (*Id*.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

2

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). However, an ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant makes several claims: (1) The Controlled Substances Act is unconstitutional; (2) Movant received ineffective assistance of counsel from Attorney Upshaw; (3) Movant received ineffective assistance of counsel from Attorney Robinson.

**1. Constitutionality of the Controlled Substances Act**

Movant claims that the Controlled Substances Act is unconstitutional under "Reverse Vertical Preemption." Movant argues that the states have pre-existing drug control laws meaning that the Abstention Doctrine prevents federal law from infringing on state rights.

4

(Dkt. No. 8, at 16) Additionally, Movant claims that the Controlled Substances Act lacks any intelligible purpose. (*Id.*) Both of these claims are rejected as conclusions rather than statements of fact. *See Valentine*, 488 F.3d at 333. Absent specific and clear case law to the contrary, this Court is satisfied that the Controlled Substances Act is constitutional. *See Gonzales v. Raich,* 545 U.S. 1 (2005).

**2. Ineffective Assistance of Counsel – Attorney Upshaw**

Movant claims that Attorney Upshaw was ineffective because he did not preserve Movant's rights to appeal in the plea agreement and he failed to produce certain documents related to the search warrant. The first argument is clearly contradicted by the record. Attorney Upshaw obtained and Movant signed an alternate plea agreement which preserved Movant's rights as requested. (File No. 1:10-cr-236, Dkt. Nos. 30, 33.) The second is rejected because Attorney Upshaw was exercising professional discretion in making a strategic decision not to pursue alternate means of invalidating the warrant beyond investigating the confidential informant.

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In general, trial tactics are given great deference, and debatable trial tactics do not necessarily constitute ineffective assistance of counsel. *Samatar v. Clarridge*, 225 F. App'x 366 (6th Cir. 2007). In determining whether counsel's performance was deficient, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Strickland,* 466 U.S. at 689-90. In regard to investigation, defense counsel has a duty to conduct reasonable investigations or to make a reasonable decision that investigations are unnecessary. *See Sims v. Livesay*, 970 F.2d 1575, 1580 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 691).

Here, Attorney Upshaw conducted a reasonable investigation and concluded that he "did not have legitimate reasons to believe that the search warrant and affidavit were fake." (Dkt. No. 13, Ex. 2, Upshaw Aff. ¶ 7.) To reach that conclusion, Attorney Upshaw examined the documents, interviewed officers, and relied on his experience with the issuing magistrate. (*Id*. at ¶ 6.) To the extent that his investigation left him with questions regarding the validity of the confidential informant, Attorney Upshaw filed a motion for a *Franks* hearing which

6

was denied by the court. (*Id*. at ¶¶ 6-8.) Under these circumstances, Attorney Upshaw's conduct was objectively reasonable.

Further, Movant does not demonstrate how he was prejudiced by Attorney Upshaw's conduct. Movant claims that the "prejudice is plain" and blames Attorney Upshaw for Movant's failure to appear in court as scheduled and the inability of Movant to accept responsibility for his crime. (Dkt. No. 8, at 25.) This conclusion cannot be accepted as true. *See Valentine*, 488 F.3d at 333. Attorney Upshaw's conduct had no relation to Movant's ability to be present at his own sentencing.

### 3. Ineffective Assistance of Counsel – Attorney Robinson

Movant claims that Attorney Robinson was ineffective because Attorney Robinson failed to inform Movant that he waived his right to appeal under the plea agreement and failed to file a notice of appeal. The first argument fails, as discussed above, because the plea agreement did not waive Movant's right to appeal his sentence. (File No. 1:10-cr-236, Dkt. Nos. 30, 33.) Because there is a question of fact as to whether or not Movant expressly instructed Attorney Robinson to file notice of appeal, an evidentiary hearing will be granted on this matter.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the Court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the

right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. *Roe* rejected a per-se rule that an attorney must always file an appeal unless specifically told otherwise. *Id*. at 478. "When the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado v. U.S.*, 334 F.3d 520, 524 (6th Cir. 2003). Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478.

Movant must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so. *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)). A defendant who instructs counsel not to file a notice of appeal has no basis to claim ineffective assistance of counsel for failure to appeal. *See Roe*, 528 U.S. at 477. If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added).

Movant alleges in his motion to vacate that he expressly instructed Attorney Robinson to file an appeal. (Dkt. No. 8, at 2.) Movant also produced a letter addressed to Attorney Robinson which requests an appeal be filed, dated April 15, 2011, and within the 14 day

8

window to file an appeal. (Dkt. No. 17, Ex. A, at 2.) The government, in its response, gives an affidavit by co-counsel[1] that states that Movant never requested an appeal and instead demanded that Attorney Robinson cease representation immediately. (Dkt. No. 13, Ex. 3, Young Aff. ¶¶ 6-9.) Because the record does not conclusively demonstrate whether or not Movant expressly instructed Attorney Robinson to file an appeal, an evidentiary hearing will be granted on this issue.

### IV.

For the foregoing reasons, the Court will conduct an evidentiary hearing to resolve the merits of Movant's claim of ineffective assistance of counsel against Attorney Robinson for failure to file notice of appeal. The only fact at issue for the evidentiary hearing is whether or not Movant expressly instructed Attorney Robinson to file notice of appeal. However, Movant's other claims are denied because the record conclusively shows that Movant is not entitled to relief under § 2255 on those grounds.

An order consistent with this opinion shall be entered.


Dated: November 29, 2012        /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE

---

[1] Attorney Robinson passed away in June of 2011. However co-counsel, Trachelle Young, was present at the sentencing hearing.