UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON JULIUS CARPENTER,

      Movant,

                                      File No. 1:12-CV-337

v.

                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Movant Solomon Julius Carpenter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 1.)  Also before the Court is Movant's motion for leave to file excess pages (Dkt. No. 8), and Movant's motion for default judgment (Dkt. No. 16).  Previously this Court denied Movant's § 2255 motion as to all claims but one.  (Dkt. No. 18.)  In doing so, the Court ordered that an evidentiary hearing be held as to Movant's remaining claim: ineffective assistance of counsel by attorney C. Frederick Robinson for failing to file a notice of appeal.  (Dkt. No. 19.)  Following that evidentiary hearing, the Court now issues its findings of fact and conclusions of law.  The Court also rules on Movant's other pending motions.

## I. Ineffective Assistance of Counsel

### A. Findings of Fact

The Court is presented with two stories, neither of which is entirely credible.  Movant alleges in his reply brief that he expressly instructed Attorney Robinson to file an appeal

while at the podium with him following sentencing on April 4, 2011. (Dkt. No. 17, at 2.) However, at the evidentiary hearing, Movant testified that he never had any discussion whatsoever regarding an appeal following sentencing. He testified that from the time he was sentenced until after the expiration of his window to appeal, he had no communication with his attorneys. Movant did present two letters allegedly sent to Attorney Robinson regarding his right to appeal. However, while one of the letters was dated within the window of appeal – April 15, 2011 – there is no evidence that the letter was ever mailed, or if it was, that the letter ever reached Attorney Robinson. The Court is also concerned by the fact that Movant's subsequent grievance against Attorneys Robinson and Young, which raised numerous allegations of deficient performance, did not mention a failure to file the notice of appeal. Nor did Movant mention a failure to file an appeal in an August 18, 2011, letter he sent to this Court. Thus, the Court finds that Movant is not credible on this issue. Given the lack of evidence regarding receipt of the April 15 letter and Movant's contradictory testimony about whether he verbally instructed Attorney Robinson to file an appeal, the Court finds that Movant never explicitly instructed Attorney Robinson to file an appeal.

That being said, the Court is also unconvinced that Movant verbally fired Attorney Robinson following his sentencing. Attorney Trachelle Young, Attorney Robinson's co-counsel,[1] testified that Movant explicitly fired Attorneys Robinson and Young from the podium immediately after his sentencing on April 4, 2011. However, Attorney Young also

---

[1]Attorney Robinson passed away in June of 2011.

testified that she and Attorney Robinson did not file a motion to withdraw from the representation of Movant in his companion case, 1:11-CR-24, until May 10, 2011, the day of the final pre-trial conference.  The Court is skeptical that Attorneys Young and Robinson would wait nearly five weeks to file a motion to withdraw from the companion case if they had been explicitly fired at the sentencing.  Fueling this skepticism is the fact that Attorneys Young and Robinson never memorialized their alleged termination.

What the Court is able to find – due to agreement between the parties at the evidentiary hearing – is that regardless of what was said following sentencing, at no time did Attorneys Robinson and Young advise Movant about the benefits or drawbacks of filing an appeal.

### B. Conclusions of Law

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

In this case, Movant was required to show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so.  *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)).  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."

3

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the Court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. In this case, the Court has found that Movant did not meet his burden of proving that he explicitly requested Attorney Robinson to file an appeal. Thus, Attorney Robinson's failure to file a notice of appeal was not ineffective assistance of counsel.

However, the Court does conclude that it was ineffective assistance of counsel for Attorneys Robinson and Young to not discuss the benefits and drawbacks of an appeal with Movant. "When the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether the attorney 'consulted' with the defendant about the benefits and drawbacks of bringing an appeal." *Regalado v. U.S.*, 334 F.3d 520, 524 (6th Cir. 2003). Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478. Here, Attorneys Robinson and Young had no conversations with Movant following his sentencing. The Court has found that Movant did not clearly instruct Attorneys Robinson and Young not to file an appeal, thus their failure to consult with him regarding the benefits and drawbacks of an appeal fell below an objective standard of reasonableness.

Moreover, even if Attorney Young's testimony is to be believed that Movant fired her

4

and Attorney Robinson from the podium at the sentencing hearing and told them to take no further action, the time frame in which this happened was extremely short, as established at the evidentiary hearing. When a client terminates his attorneys in the heat of the moment after receiving an unwanted sentence, the Court concludes that an objectively reasonable attorney would either (a) confirm this termination with the client once he had settled down or (b) attempt to have some conversation with the client about his appellate rights before withdrawing, given the limited time-frame for the client to file an appeal on his own or with a new attorney. Attorneys Robinson and Young neither confirmed their termination nor made any attempt to make Movant aware of his appellate rights and the benefits and drawbacks of not appealing. Thus, the Court concludes that their performance was objectively unreasonable.

The Court also finds that Movant was prejudiced by this failure to discuss the benefits and drawbacks of appeal. While the Court is not entirely convinced that Movant's failure to file an appeal was not of his own making (the Court notes Movant's history in this matter as a difficult client with unwavering legal opinions of his own), Movant cannot be expected to fully understand the scope of his appellate rights without the aid of counsel to advise him on the benefits and drawbacks of not filing an appeal. This consultation never occurred, and Movant's window to file an appeal expired.

## II. Motion for Default Judgment

Movant's motion for default judgment is premised on the United States' allegedly

5

"late" filing of a response to Movant's § 2255 motion. First, the Court notes that a late response is not grounds for default judgment. Second, the Court points out that the Government's response was timely. The Court ordered the Government to file a response within sixty days of June 28, 2012. (Dkt. No. 12.) Subsequently, the Court granted the Government an additional two weeks to file. (Dkt. No. 12.) Seventy-four days from June 28, 2012, is September 10, 2012, the date on which the Government filed its response. Thus, the response was timely, and Movant's motion is without merit.

## III. Conclusion

Movant's motion for default judgment will be denied for the reasons discussed above. As for Movant's motion for leave to file excess pages, it will be denied as moot because the Court considered the entirety of Movant's filings. Lastly, the Court will grant Movant's § 2255 motion solely as it pertains to ineffective assistance of counsel in regard to the filing of his notice of appeal. Accordingly, the Court will grant Movant a new window to appeal his underlying sentence.

An order consistent with this opinion will be entered.

Dated: February 1, 2013                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE

6